UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                      -vs-                                      16-CR-6061 (CJS)

DARREN SMITH,                                              ORDER

                                    Defendant.
_____

This matter is presently before the Court on Petitioner Darren Smith's motion for leave to supplement or amend his 28 U.S.C. § 2255 petition to vacate, set aside or correct his sentence. Mot., June 12, 2020, ECF No. 108. For the reasons discussed below, Smith's motion [ECF No. 108] is denied.

## BACKGROUND

On July 12, 2016, Petitioner Darren Smith was convicted by plea of one count of conspiracy to possess with intent to distribute, and to distribute, 5 kilograms or more of cocaine and 280 grams or more of cocaine base in violation of 21 U.S.C. § 846. Plea Agreement, Jul. 12, 2016, ECF No. 67. Under the terms of the plea agreement, Smith admitted to his "prior drug felony conviction [in New York state court] of Attempted Criminal Sale of a Controlled Substance in the Third Degree as the basis for the imposition of the enhanced penalties provided for in" 21 U.S.C. § 841(b)(1)(A). Consistent with this admission, the Court sentenced Smith to 240 months in prison. Judgment, 2, Oct. 18, 2016, ECF No. 76.

Despite Smith's waiver of his rights of appeal and of collateral attack of his sentence (Plea Agreement at ¶ 20–21), he filed a motion to vacate under 28 U.S.C. § 2255 in February 2017. Mot. to Vacate, Feb. 27, 2017, ECF No. 81. Smith argued that: (1) he received the ineffective assistance of trial counsel, (2) his sentence was imposed

in violation of the Constitution or laws of the United States, (3) his § 851 enhancement was in violation of the Constitution and laws of the United States, and (4) his pre-trial detention was in violation of the Constitution and the laws of the United States. ECF No. 81. He later amended his petition to argue that there was a jurisdictional defect in his sentencing proceeding. Am. Mot., Jul. 31, 2017, ECF No. 88-1. The Court denied Smith's motion, and declined to issue a certificate of appealability. Order, May 23, 2019, ECF No. 100.

Smith attempted to appeal the Court's denial of his § 2255 motion, but failed to take the procedural steps necessary to obtain leave to appeal from the Second Circuit. 2d Cir. Docket No. 19-1870. While Smith was attempting to work through those steps, he opened a separate case with the Second Circuit by filing a petition for leave to file a second or successive § 2255 motion as provided in section 2244. 2d Cir. Docket No. 19-2875. Upon due consideration, the Second Circuit transferred both matters back to this Court for "whatever further actions the [Court] finds appropriate . . . ." Mandate, 2, Jan. 28, 2020, ECF Nos. 103–04 (quoting *Whab v. United States*, 408 F.3d 116, 119 (2d Cir. 2005). Thereafter, Smith filed the motion to supplement or amend his original § 2255 petition that is presently before the Court. Mot. to Amend, June 12, 2020, ECF No. 108.

## DISCUSSION

Smith's principal argument in his motion to amend is that in light of *United States v. Havis*, 927 F.3d 328 (6th Cir. 2019) and *United States v. Swinton*, 797 Fed. App'x 589 (2nd Cir. 2019), "his prior New York convictions for Attempted Criminal Sale of a Controlled Substance in the Third Degree no longer and never rightfully qualified for § 851

or enhancement purposes." Mot. to Amend at ¶ 1.

Legal Principles

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits a party to "amend its pleading . . . with the . . . court's leave." Further, the rule states that "[t]he court should freely give leave [to amend] when justice so requires." The Second Circuit has held that these principles apply to a motion pursuant to 28 U.S.C. § 2255. *See Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002) ("We have previously decided that the application of Fed. R. Civ. P. 15 to habeas petitions and § 2255 motions would not frustrate the AEDPA's goals."). However, "a district court may properly deny leave when amendment would be futile." *Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999).

Application

Smith is a *pro se* litigant. Therefore, his submissions must be construed "liberally and 'interpret[ed] ... to raise the strongest arguments that they suggest.'" *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Nevertheless, after a careful examination of the issues that Smith raises in his motion to amend, the Court finds that Smith's motion must be denied, both because he knowingly and intelligently waived his right to appeal and collaterally attack his sentence, and because his principal argument has no merit.

First, as the Second Circuit stated:

"This Court has repeatedly held that a knowing and voluntary waiver of the right to appeal a sentence is presumptively enforceable." *United States v. Ojeda*, 946 F.3d 622, 629 (2d Cir. 2020) (citations omitted). "While we have

> declined to enforce such waivers in certain exceptional circumstances, these exceptions occupy a very circumscribed area of our jurisprudence." *Id*. (internal citations and quotation marks omitted). "[W]e have in prior cases articulated four grounds on which an appeal waiver may be deemed unenforceable: (1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases; (3) where the government breached the agreement containing the waiver; and (4) where the district court failed to enunciate any rationale for the defendant's sentence." *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (internal citations and quotation marks omitted). "[W]hile we will void an appeal waiver that violates certain fundamental rights, other meaningful errors are insufficient to void an appeal waiver." *United States v. Coston*, 737 F.3d 235, 237 (2d Cir. 2013) (internal citation and quotation marks omitted). Indeed, we have "upheld waiver provisions even in circumstances where the sentence was conceivably imposed in an illegal fashion or in violation of the Guidelines, but yet was still within the range contemplated in the plea agreement." *Ojeda*, 946 F.3d at 629.

*United States v. Adams*, No. 18-1219-CR, 2022 WL 1231715, at *1 (2d Cir. Apr. 27, 2022). In its original decision denying Smith's § 2255 motion, the Court made a thorough review of the conditions surrounding Smith's plea agreement and its waiver provision and found that Smith had failed to demonstrate that the waiver provision is unenforceable. Order, ECF No. 100 at 12–14. Consequently, Smith's petition is barred.

Second, Smith's argument regarding the Sixth Circuit's decision in *Havis*, and the Second Circuit's decision in *Swinton* is without merit. Both *Havis* and *Swinton* examine whether a state court "conviction for attempted criminal sale of a controlled substance in the third degree should not be considered a predicate controlled-substance offense under the career offender Guideline." *Swinton*, 797 F. App'x at 601. In the present case, however, Smith's sentence was not enhanced under the career offender Guideline, but rather under pursuant to 21 U.S.C. § 841 and § 851, which provide a sentencing

4

enhancement for a person who has "a prior conviction for a felony drug offense." 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B). *See also*, PSR, ¶ 53, Oct. 18, 2016, ECF No. 77 (indicating Smith was not subject to any "Chapter Four Enhancements"). As the United States Probation Office noted in the Presentence Investigation Report, the statutorily required minimum sentence of 20 years under § 841(b)(1)(A) was greater than the maximum of the applicable range based on Smith's Guideline's calculations. PSR at ¶ 73.

Moreover, "[t]he term 'felony drug offense' means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). "Section 802(44) defines the precise phrase used in § 841(b)(1)(A)—'felony drug offense.' The language and structure of the statute indicate that Congress used the phrase 'felony drug offense' as a term of art defined by § 802(44) . . . ." *Burgess v. United States*, 553 U.S. 124, 130 (2008). "As a rule, [a] definition which declares what a term 'means' . . . excludes any meaning that is not stated." *Burgess*, 553 U.S. at 130 (quoting *Colautti v. Franklin*, 439 U.S. 379, 392–393, n. 10 (1979)) (internal quotation marks omitted).

Unquestionably, New York's law criminalizing the attempted sale of a controlled substance is a "law of . . . a State . . . that prohibits or restricts conduct relating to narcotic drugs . . . ." Moreover, Smith was sentenced to four years imprisonment. PSR at ¶ 66. Accordingly, his New York conviction for attempted criminal sale of a controlled substance in the third degree was a "felony drug offense" as defined by 21 U.S.C. § 802(44), and he was properly subject to an enhanced sentence under § 841(b)(1)(A).

Lastly, the Court has reviewed Smith's proposed amendments to his ineffective assistance of counsel claim, which suggest that "in light of *Swinton*," trial counsel provide ineffective assistance by misleading Smith into believing a failure to plead could lead to a more severe sentence after trial. Mot to amend at ¶ 32–45. Given the irrelevance of *Swinton* to Smith's conviction and sentence, as described above, the Court finds no merit in Smith's claim that trial counsel was constitutionally deficient.

CONCLUSION

For the foregoing reasons, it is hereby

ORDERED, that Smith's motion for leave to amend his § 2255 petition [ECF No. 108] is denied.

Because Smith's original § 2255 petition has already been denied [ECF No. 100], and he has not made a substantial showing of the denial of a constitutional right either in the original petition, or in his motion to amend his petition, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated:   May 31, 2022
         Rochester, New York

                                    _____
                                    CHARLES J. SIRAGUSA
                                    United States District Judge